UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00157-FDW-DCK

| | |
|---|---|
| RED APPLE DEVELOPMENT, LLC, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>RUFUS ROAD PARTNERS, LLC, )<br>)<br>    Defendant. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. No. 17) and Plaintiff's Motion for Partial Summary Judgment (Doc. No. 30). For the reasons set forth below, both outstanding motions are DENIED.

## I. Defendant's Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is reviewed under a standard similar to that which is used in Rule 12(b)(6) motions to dismiss, with the "key difference being that on a 12(c) motion, the Court is to consider the answer as well as the complaint." Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991) (internal citations omitted). "In resolving a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view the facts in the light most favorable to the nonmoving party." Sports Med Properties, LLC v. Talib, No. 3:19-cv-00082-FDW-DSC, 2019 WL 3403372, at *2 (W.D.N.C. July 26, 2019). The Court, however, need not "accept the legal conclusions drawn from the facts," nor "accept as true

unwarranted inferences, unreasonable conclusions, or arguments." Giarranto v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). The Court can decide the case on its merits by considering the pleadings along with any materials referenced in, incorporated by reference, or attached to the pleadings. Fed. R. Civ. P. 10(c).

Defendants' Rule 12(c) Motion was thoroughly briefed, as Plaintiff filed a Response in Opposition (Doc. No. 25) and Defendants thereafter replied (Doc. No. 26). After careful consideration of these filings, as well as the Complaint and Answer, the Court finds that Plaintiff's alleged facts surrounding the attempted execution of the Agreement suffice to state a facially plausible claim. See Giarranto, 521 F.3d at 304 (emphasizing the Twombly standard that "requires pleading 'enough facts to state a claim to relief that is plausible on its face'") (internal citations omitted). Accordingly, Defendants' Motion for Judgment on the pleadings must be denied.

## II. Plaintiff's Motion for Partial Summary Judgment

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party." Blue Ridge Pub. Safety, Inc. v. Ashe, 712 F.Supp.2d 440, 446 (W.D.N.C. 2010). As above, for purposes of summary judgment the Court views the pleaded facts in the light most favorable to the nonmovant. See Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Additionally, however, "it is noted that 'summary judgment is not appropriate when there are conflicting versions of the events giving rise to the action, or when there is no conflict about the events that occurred, but the legal significance of those events is determined by a reasonable person test.'" Ashe, 712 F.Supp.2d at 446 (quoting Griffith v. Glen Wood Co., Inc., 184 N.C.App. 206, 210, 646 S.E.2d 550 (2007)). Summary

judgment "is also inappropriate 'when issues such as motive, intent, and other subjective feelings and reactions are material, when the evidence presented is subject to conflicting interpretations, or where reasonable [persons] might differ as to the significance of any particular piece of evidence.'" Id. (quoting Gregorino v. Charlotte–Mecklenburg Hosp. Authority, 121 N.C.App. 593, 595, 468 S.E.2d 432 (1996)).

Plaintiff's Motion for Partial Summary Judgment implicates similar factual issues to Defendant's Motion for Judgment on the Pleadings discussed above and therefore must be denied. The Court particularly notes the disputed intent of the parties at various points of the timeline surrounding the Agreement as grounds to deny Plaintiff's motion. (Doc. No. 32, p. 21–23).

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings (Doc. No. 17) and Plaintiff's Motion for Partial Summary Judgment (Doc. No. 30) are DENIED. The parties are advised that the Court presumes trial in this matter, scheduled for the May 2020 trial term, will proceed as scheduled. The Court will notify the parties of any operational changes affecting the schedule in this matter.

IT IS SO ORDERED.

Signed: March 19, 2020

Frank D. Whitney
Chief United States District Judge