UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00157-GCM-DCK

| | | |
|---|---|---|
| RED APPLE DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RUFUS ROAD PARTNERS, LLC,<br><br>Defendant. | ) | ORDER |

THIS MATTER is before the Court on Defendant Rufus Road Partners, LLC's ("**Rufus Road**") Motion to Approve Cash Bond to Effectuate Stay Pending Appeal ("**Rufus Road's Motion**"), (Doc. No. 85), filed March 9, 2022, and Plaintiff Red Apple Development, LLC's ("**Red Apple**") Motion for Attorneys' Fees and Costs ("**Red Apple's Motion**"), (Doc. No. 87), filed March 10, 2022. The Motions have been fully briefed and are ripe for review. For the reasons stated herein, Red Apple's Motion is DENIED WITHOUT PREJUDICE, Rufus Road's Motion is GRANTED, the Order and Judgement is stayed, and Rufus Road is directed to post a supersedeas bond in the amount of $250,000. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the parties may submit fee motions no later than fourteen (14) days after appeal is concluded.

## I. Background

Red Apple commenced this action against Rufus Road on April 2, 2019, alleging breach of contract. (Doc. No. 1., p. 3; Doc. No. 6, p. 3). On March 11, 2021, a jury found Rufus Road liable for breach of contract and awarded $200,000 in monetary damages to Red Apple. (Doc. No. 65). Red Apple elected to recover its awarded damages. (Doc. No. 66). On June 30, 2021, the

Court entered the Order and Judgment, awarding $200,000 plus interest to Red Apple. (Doc. No. 67).

Rufus Road filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit, challenging the Order and Judgment and the denial of its motion for judgment as a matter of law. (Doc. No. 83; Doc. No. 84). On March 28, 2022, Red Apple filed a Notice of Conditional Cross Appeal in the event Rufus Road's appeal is successful. (Doc. No. 93).

On March 9, 2022, Rufus Road moved the Court to enter a stay of the Order and Judgment during its appeal by requiring a bond pursuant to Federal Rule of Civil Procedure 62(b). (Doc. No. 85). On March 10, 2022, Red Apple moved the Court to award it attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d). (Doc. No. 87).

## II. Analysis

### *A. Motion to Stay Judgment Pursuant to Federal Rule of Civil Procedure 62(b)*

The Court has discretion to stay the judgment in a case by requiring "bond or other security" "any time after judgment is entered." Fed. R. Civ. P. 62(b). Initially, both parties consent to the Court issuing a supersedeas bond to stay the judgment. (Doc. No. 85; Doc. No. 102, p. 15 ("Indeed, Red Apple consents to the entry of a stay of the judgment . . . ."); Doc. No. 95, p. 3 (similar)). However, the parties disagree on the amount of the supersedeas bond. Defendant proposes a $250,0000 supersedeas bond, arguing it should include only the judgment and applicable interest, excluding actual or projected attorneys' fees. It highlights $250,000 is sufficient to cover the principal verdict of $200,000 as well as any prejudgment or post-judgment interest. Red Apple proposes a $1,100,000 bond, arguing the Court should either include projected

attorneys' fees in the supersedeas bond or rule on Red Apple's Motion before issuing a supersedeas bond.

In its reply brief, Rufus Road argues bond is now unnecessary because Red Apple subsequently "conditionally" cross-appealed. (Doc. No. 101, pp. 2–3). In support, it points to the Fourth Circuit's opinion in Tennessee Valley Authority v. Atlas Machine & Iron Works, Inc., where it noted, "Where the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree." 803 F.2d 794, 797 (4th Cir. 1986).

However, the Fourth Circuit went on to explain

> [Appellant] can point to no authority to support its conclusion that where the losing party is the first to appeal and a supersedeas bond is properly required, the appellant's obligations under that bond are excused when the prevailing party subsequently files a cross-appeal. On the contrary, the Fifth Circuit implicitly rejected that view . . . . [W]e are satisfied as to the correctness of [that] result.

Id. (rejecting argument that a losing party may renege on a supersedeas bond if it is "superfluous"). Thus, on one hand, the Fourth Circuit has determined a cross-appeal taken by the prevailing party after the losing party has appealed does not excuse the losing party from its obligations under a preexisting supersedeas bond. On the other hand, Rufus Road wants this Court to hold a cross-appeal taken by the prevailing party after the losing party has appealed absolves the losing party of the responsibility of posting a supersedeas bond to stay the judgment in the first place. Because it has not pointed to any authority supporting that result and because to hold such would be incongruous, see id. at 797 n.3 ("Thus, if [appellee] had filed its appeal first, [appellant] would not have been obliged to give a supersedeas bond. However, because [appellant], the losing party in

the district court, was in fact the first to take an appeal, a supersedeas bond was properly required."), the Court is not inclined to do so.[1]

This reasoning is strengthened given one of the main rationales underlying supersedeas bonds: protecting the prevailing party's rights during the appeal. See Poplar Grove Planting & Refin. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979) ("[T]he bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."). Here, Red Apple only cross-appealed because Rufus Road appealed, stating it only wishes to challenge this Court's rulings "should the judgment in this case not be affirmed." (Doc. No. 93, p. 1). Indeed, the Fourth Circuit is unlikely to even consider Red Apple's cross-appeal if it rejects Rufus Road's arguments on appeal. See, e.g., Sturges v. Matthews, 53 F.3d 659, 660, 661 n.1 (4th Cir. 1995) (declining to address the appellee's "conditional cross appeal" because it affirmed the jury's judgment in his favor).

Thus, a supersedeas bond is still appropriate to protect Red Apple's rights and is not precluded by Red Apple's conditional cross-appeal. Therefore, the Court grants Rufus Road's Motion and, for reasons stated hereunder, declines to include projected or actual attorneys' fees and costs in the supersedeas bond.

*B. Motion for Attorneys' Fees and Costs Pursuant to Federal Rule of Civil Procedure 54(d)*

When there is a fee motion before the Court after the losing party has appealed, the Court "may defer its ruling on the motion, or [it] may deny the motion without prejudice, directing under [Rule 54(d)(2)(B)] a new period for filing after the appeal has been resolved." Fed. R. Civ. P.

[1] However, due to its cross-appeal, Red Apple is not yet allowed to enforce the Order and Judgment even if the Court does not require Rufus Road to post a supersedeas bond. See Tenn. Valley Auth., 803 F.2d at 797 ("[Appellant] is correct in contending that [Appellee]'s filing of a cross-appeal deprived [it] of the right to execute the original judgment even in the absence of a supersedeas bond.").

54(d)(2) advisory committee's note to 1993 amendment. "Though appellate review of such an award [for attorneys' fees] may best be done an appeal of the merits case, a district court may properly defer ruling pending ultimate resolution of the merits, [and] hence determination of the prevailing party question." Reed v. Health & Hum. Servs., 774 F.2d 1270, 1277 (4th Cir. 1985) (citation omitted), rev'd on other grounds, 481 U.S. 368 (1987).

Thus, the Court has discretion to rule on Red Apple's Motion, or it may postpone awarding attorneys' fees and costs till after the appeal is concluded. Because Rufus Road may succeed on appeal and potentially become the "prevailing party," it is expedient to postpone ruling on Red Apple's Motion until the appeal is resolved.

## III. Conclusion

IT IS THEREFORE ORDERED that, pursuant to Federal Rule of Civil Procedure 54(d)(2), Red Apple's Motion is DENIED WITHOUT PREJUDICE. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the parties may submit fee motions no later than fourteen (14) days after conclusion of the appeal in this case.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 62(b), Rufus Road's Motion is GRANTED, the Judgment and Order is stayed, and Rufus Road is directed to post a supersedeas bond in the amount of $250,000.

IT IS SO ORDERED.

Signed: August 4, 2022

Graham C. Mullen
United States District Judge